# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**SERAFIM L. GUERRA,**
**Claimant Below, Petitioner**

**vs.)    No. 12-0305**  (BOR Appeal No. 2046486)
                                        (Claim No. 2006024812)

**BAKER HEIGHTS VOLUNTEER FIRE DEPARTMENT, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Serafim L. Guerra, pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. Baker Heights Volunteer Fire Department, Inc., by Gary Nickerson and James Heslep, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated February 16, 2012, in which the Board affirmed a September 14, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's April 12, 2011, decision denying Mr. Guerra's request for treatment for the lumbar spine. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Guerra injured his right ankle while removing an injured person from a vehicle on January 7, 2006, and the claim was held compensable for the right ankle injury. He is currently seeking treatment for lower back pain which he alleges developed as a result of the compensable right ankle injury. On April 30, 2007, Dr. Kazi performed an independent medical evaluation and found Mr. Guerra to be at maximum medical improvement. On October 26, 2007, Dr. Gerbo performed a records review and concluded that Mr. Guerra's lower back pain is not caused by the compensable injury and is most likely the result of degenerative changes in his spine. On

1

February 17, 2010, Dr. Grady performed an independent medical evaluation and also found Mr. Guerra to be at maximum medical improvement. On April 12, 2011, the claims administrator denied Mr. Guerra's request for treatment for the lumbar spine. In its Order affirming the claims administrator's decision, the Office of Judges held that Mr. Guerra is not entitled to treatment for the lumbar spine.

As noted by the Office of Judges, the right ankle is the only compensable body part in the instant claim. The Office of Judges also took note of Dr. Kazi's and Dr. Grady's findings that Mr. Guerra has reached maximum medical improvement. The Office of Judges then found that even though Mr. Guerra's treating physician recommended treatment of the lower back as part of the compensable injury, he identified degenerative changes in Mr. Guerra's lower back that were not caused by the right ankle trauma. Finally, the Office of Judges found that there is insufficient evidence to link Mr. Guerra's lower back symptoms to the January 7, 2006, right ankle injury. The Board of Review reached the same reasoned conclusions in its decision of February 16, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 22, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II